**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JONATHAN JAIME FLORES,

Petitioner,

v.

LEONARD ODDO, WARDEN,

Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. 3:26-CV-120

## MEMORANDUM ORDER

Pending before the Court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF 1) filed by Jonathan Jaime Flores.  Respondent Leonard Oddo, the Warden of Moshannon Valley Processing Center, filed his response on March 4, 2026 (ECF 5).  The petition is now fully briefed and ready for disposition.  On careful review, the Court will grant it in part and issue a writ.

Mr. Flores is a citizen of Peru and "fled to the United States through the Southern border on or about July [1], 2022."  ECF 1 at 3; ECF 5 at 1.  Soon after his unlawful entry, he was "arrested by United States Border Patrol, was issued an I-94[,] and was released into the United States."  ECF 1 at 3.  On May 24, 2023, Mr. Flores "was served with a Notice to Appear (NTA)" and was notified that his individual hearing was March 18, 2026.  *Id.*  Mr. Flores and his family then settled in New Jersey, applied for asylum, and obtained employment.  *Id.*

On July 15, 2025, the day after he was charged in a domestic dispute with simple assault and terroristic threats, Mr. Flores "was arrested by [Immigration and

Customs Enforcement ("ICE")] and later transferred to Moshannon Valley Processing Center, where he is currently detained." *Id.* at 3-4; ECF 1-8 at 3. As of the parties' last update to this Court, these criminal charges appear to still be pending in New Jersey. ECF 1-5 at 9; ECF 5-2 at 19.

On September 17, 2025, an Immigration Judge denied Mr. Flores's application for asylum and other forms of relief. ECF 1 at 4; ECF 5-3 at 3. Mr. Flores then timely filed an appeal with the Board of Immigration Appeals on November 17, 2025, which also remains pending as of the parties' last update. ECF 1 at 4*;* ECF 1-7 at 2.

In his petition, Mr. Flores asserts that he should be detained under § 1226(a), but is "mistakenly detained under § 1225." ECF 1 at 5. Specifically, he contends that, under established precedent in this Court, both the length of his time in the United States and his apprehension away from the southern border weigh in favor of his classification under § 1226(a). *Id.* at 5-6. Further, citing to the Fifth Amendment, Mr. Flores argues that his detention without a bond hearing violates his substantive due process rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and his procedural due process rights under *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Id.* at 7-10.

As for relief, Mr. Flores requests that the Court "[a]ssume jurisdiction over this matter; grant his "writ of habeas corpus ordering Respondent to immediately release Petitioner from physical custody, or in the [alternative], hold a bond hearing in which the government bears the burden to justify his detention[;]" "[e]nter a preliminary and injunctive relief enjoining Respondent[s] from further unlawful [detention] of

Petitioner under § 1225(b)[;]" and "[g]rant any other and further relief that this Honorable Court deems just and proper." *Id.* at 10.

In contrast, Respondent asserts that, due to the pending criminal charges in New Jersey, Mr. Flores is properly detained under the mandatory detention provision of § 1226(c)(1)(E) and is thus not entitled to a bond hearing. ECF 5 at 2-4. Alternatively, Respondent argues that Mr. Flores is subject to mandatory detention under § 1225(b)(2). ECF 5 at 4-10. [1]

For the reasons set forth below, the Court rejects both of Respondent's arguments and agrees with Mr. Flores that he is subject to detention under § 1226(a).

In 2025, the Laken Riley Act amended § 1226(c) and mandated that immigration authorities must detain aliens who are inadmissible or removable from the United States and who have engaged in certain criminal activities. *See* Laken Riley Act, S. 5, 119th Cong. (2025). As such, § 1226(c)(1) now provides that the Attorney General "shall take into custody any alien who…(i) is inadmissible under paragraph 6(A), 6(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E).

---

[1] The Court notes that Respondent only argues that Mr. Flores is subject to mandatory detention under two grounds: § 1225(b)(2) and § 1226(c)(1)(E). So the Court only addresses these grounds.

When reviewing an immigration habeas petition, federal district courts generally have jurisdiction to review whether a petitioner's criminal history properly triggers mandatory detention under § 1226(c)(1)(E) if the government relies on that history to justify the detention.  *See, e.g., Santos-Barahona v. Jamison*, No. 26-CV-1776-JMY, 2026 WL 1047056 (E.D. Pa. Apr. 17, 2026) (finding jurisdiction to review such a claim); *Lopez v. McShane*, No. 26-cv-771, 2026 WL 767779 (E.D. Pa. March 18, 2026) (same).  When conducting this review, "the terms 'burglary', 'theft', 'larceny', 'shoplifting', 'assault of a law enforcement officer', and 'serious bodily injury' have the meanings given such terms in the jurisdiction in which the acts occurred."  8 U.S.C. § 1226(c)(2).  Thus, because the alleged criminal acts in this matter occurred in New Jersey, the Court shall rely on New Jersey's definition of serious bodily injury (and, for contrast's sake, bodily injury) when evaluating the applicability of § 1226(c)(1)(E) to Mr. Flores's detention.[2]

Here, as its basis for mandatory detention, Respondent points to Mr. Flores's arrest for simple assault under New Jersey § 2C:12-1a(1), thus implying that this is a crime involving "death" or "serious bodily injury."[3]  *See* ECF No. 5 at 3.  It is not.

---

[2] Under New Jersey state law, "bodily injury" is defined as "physical pain, illness or any impairment of physical condition[,]" while "serious bodily injury" is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ[.]"  N.J. Rev. Stat. § 2C:11-1 (2025).

[3] The Court notes that Respondent does not allege which phrase of the Laken Riley Act applies to Mr. Flores's arrest for simple assault.  *See generally* ECF 5.  It is clear to the Court, however, that a simple assault arising from a domestic dispute is not a "burglary, theft, larceny, [or] shoplifting" offense, and it is not alleged by either party that the victim was a law enforcement officer.  *See* 8 U.S.C. § 1226(c)(1)(E); *see generally* ECF 1; ECF 5.  Thus, the Court will only address whether simple assault

Section 2C:12-1a(1) states that "[a] person is guilty of assault if the person …attempts to cause or purposely, knowingly or recklessly causes *bodily injury* to another[.]" N.J. Rev. Stat. § 2C:12-1a(1) (2025) (emphasis added); *c.f.* § 2C:12-1b (referencing aggravated assault and serious bodily injury).

Because the statute only references "bodily injury," Respondent has failed to establish that Mr. Flores was arrested for a crime which resulted in "serious bodily injury." *See* 8 U.S.C. § 1226(c)(1)(E); *see also Santos-Barahona*, 2026 WL 1047056, at *2 (holding that a petitioner charged in a domestic incident is not subject to § 1226(c)(1)(E) if "there is no evidence in the record to establish that Petitioner caused serious bodily injury"). Further, although Respondent references the victim's injuries in the Background of the Respondent's Response (*see* ECF 5 at 1-2),[4] Respondent fails to clarify or explain why these injuries ought to be considered 'serious bodily injury,' rather than mere 'bodily injury.' *See Vasquez v. Blanche*, No. 1:26-CV-1530-RP, 2026 WL 1906681, at *5 (W.D. Tex. July 1, 2026) ("Based on the scant record before the Court, the Court will not credit Respondents' unsubstantiated allegation that Petitioner's charges for assault involved serious bodily injury").

The Court's analysis is also confirmed by the New Jersey Courts docket report for this matter provided by Respondent, in which, under "Offense information," the state court affirms that death or serious bodily injury is not present. *See* ECF 5-2 at

under New Jersey law is a "crime that results in death or serious bodily injury to another person." *See* 8 U.S.C. § 1226(c)(1)(E).

[4] Respondent describes the injuries as "bruises and a cut on [victim's] upper lip." *See* ECF 5 at 2 (citing to ECF 5-2 at 9).

7. As such, the Court finds that Mr. Flores is not properly subject to mandatory detention under § 1226(c)(1)(E).

Concluding that the Laken Riley Act does not apply here, the Court now turns to Respondent's second argument for mandatory detention under § 1225(b)(2). ECF 5 at 4-10. As Respondent recognizes, this Court has held in numerous cases that petitioners like Mr. Flores are not subject to mandatory detention under § 1225(b)(2) due to their presence inside the United States. *See* ECF 5 at 8-9 (collecting cases in this District). Thus, for the reasons stated by this Court in *Villagrez,*[5] the Court determines that Mr. Flores is not subject to mandatory detention under § 1225(b)(2) and is instead subject to detention under § 1226(a).

Therefore, as neither ground of mandatory detention applies, the Court **GRANTS IN PART** Mr. Flores's Petition for Writ of Habeas Corpus (ECF 1) with respect to ordering a bond hearing before an Immigration Judge and **DENIES** the Petition in all other respects.[6] As such, because a writ has been issued, Petitioner's Emergency Motions for Temporary Restraining Order (TRO) and Preliminary Injunction (PI) (ECF 1-1) are **DENIED** as moot.

*****

---

[5] *Villagrez v. Bondi, et al.*, No. 26-72, 2026 WL 545380 (W.D. Pa. Feb. 26, 2026) (holding that, absent criminal conduct, aliens who have been residing in the country for some period of time are properly classified under § 1226(a), rather than § 1225(b)(2)).

[6] Because the Court finds that Mr. Flores is immediately entitled to a bond hearing under § 1226(a), it will not address the merits of any *Zadvydas*, *Mathews*, or *German Santos* arguments. After his bond hearing and as his case progresses forward, however, Mr. Flores is free to file a new petition in this Court under the appropriate legal standard applicable to his immigration situation.

For these reasons, the **WRIT SHALL ISSUE**, on these terms:

1. Respondent shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur within **30 days** of this order, or else release Petitioner by such date.

2. Respondent shall ensure that such a hearing include the required due process, i.e., at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

3. Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing.

4. The parties shall provide notice to the Court of the outcome of the individualized bond hearing within seven days of the date of the Immigration Judge's decision.

The Court further finds that Respondent's position was substantially justified in this case, so no fees shall be awarded.  With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

DATED this 10th day of July, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
Jonathan Jaime Flores
241732951
Moshannon Valley Processing Center
555 Geo Drive
Philipsburg, PA 16866